IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATHAN R. SPAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:23-cv-1668 |
| TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC, | : |
| Defendants. | : |

**COMPLAINT**

Plaintiff Nathan R. Span, by counsel, files this Complaint against Defendants Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC, and alleges as follows:

**INTRODUCTION**

1. This is an action for statutory, actual, and punitive damages; costs; and attorneys' fees brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. Under the FCRA, consumer reporting agencies must "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). Congress achieves this purpose by requiring that consumer reporting agencies follow specific requirements and obligations when consumers dispute information in their credit reports. 15 U.S.C. § 1681i.

3. Here, USAA Federal Savings Bank ("USAA") reported Plaintiff as owing money on a vehicle loan (the "Loan") even though Plaintiff never received the vehicle for which the Loan was made (the "Vehicle").

4. After Plaintiff disputed the inaccurate information with Equifax, Experian, and Trans Union, each failed to correct his credit reports.

5. Plaintiff, thus, alleges claims against Equifax, Experian, and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

## JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division, where Plaintiff resides.

## PARTIES

8. Plaintiff is a natural person who resides in the Commonwealth of Virginia. He is a consumer as defined by 15 U.S.C. § 1681a(c).

9. Trans Union is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

10. Experian is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

11. Equifax is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

## FACTS

12. In August 2022, Plaintiff attempted to purchase the Vehicle from a seller purporting to be "Carrillo Autos" in Guymon, Oklahoma.

13. Plaintiff agreed to the Loan with USAA, USAA agreed to fund the Loan, and the seller agreed to deliver the Vehicle to Plaintiff.

14. USAA funded the loan on or about August 17, 2022, but Plaintiff never received the Vehicle.

15. By August 22, 2022, Plaintiff reported the fraud to USAA and, separately, the Fairfax County Police Department.

16. USAA's insurance business responded to Plaintiff's claim on September 13, 2022, explaining that insurance coverage was not implicated.

17. USAA's insurance business stated: "You have never taken possession of the vehicle so this is a civil matter between you and [the car manufacture]. *We recommend you contact the lienholder to dispute the loan on a vehicle you never received.*" (Emphasis added.)

18. Of course, USAA itself was the lienholder and lender.

19. In its capacity as lender, USAA advised Plaintiff that he would need to continue making payments on the Loan even though he never received the Vehicle.

20. Plaintiff made one payment on the Loan out of fear that nonpayment would negatively affect his credit, but he stopped making payments thereafter.

21. Plaintiff made clear to USAA on several occasions that he never received the Vehicle and that he, therefore, was not liable on the Loan.

22. USAA rejected Plaintiff's position and denied responsibility even though: (i) Plaintiff never received the Vehicle; and (ii) the Loan documents stated that USAA, as the holder of the consumer credit contract, was subject to all claims that Plaintiff could assert against the seller.

23. USAA then continued to dun Plaintiff for payments. For example, on November 29, 2022, USAA sent Plaintiff a letter stating that he was in default and past due on his account.

24. Although Plaintiff never received the Vehicle and did not have responsibility for paying the Loan, USAA reported the account on Plaintiff's consumer reports as past due.

25. It was and remains the only account with a derogatory and past due status on Plaintiff's credit report.

26. Plaintiff first disputed the Loan with Equifax, Experian, and Trans Union on or about January 18, 2023, when Plaintiff sent dispute letters indicating that he never received the Vehicle, and that USAA never received the title.

27. Trans Union responded to that dispute on or abut February 1, 2023. Trans Union confirmed its reporting of the loan as past due.

28. Experian responded on February 14, 2023, also confirming its reporting of the loan as past due.

29. Equifax did not respond to Plaintiff's first dispute but, upon information and belief, Equifax ceased its reporting of the account in the interim.

30. On February 22, 2023, Plaintiff sent second disputes to Experian and Trans Union. This time, Plaintiff included additional information relating to the Vehicle, including the VIN.

31. Trans Union and Experian each failed to respond to Plaintiff's second dispute.

32. Plaintiff, nonetheless, confirmed on or about March 21, 2023, that Trans Union and Experian both were still reporting the USAA account as past due.

33. On April 7, 2023, Plaintiff sent third disputes to Experian and Trans Union. This time, Plaintiff attached a letter from the police officer who investigated Plaintiff's August 22, 2022 police report, as well as other documents.

34. Trans Union responded to Plaintiff's third dispute on or about April 18, 2023, at which time it represented that it had deleted the USAA account from Plaintiff's credit report.

35. Experian responded to Plaintiff's third dispute on or about April 20, 2023. Experian's response likewise purported to represent that it removed the USAA account from Plaintiff's credit report.

36. But despite its April 20, 2023 correspondence, Experian sent Plaintiff another response on or about May 3, 2023, which showed that the USAA account was again reporting on Plaintiff's credit reports—now in a charged off status with a past due balance of $42,506.

37. Trans Union then sent a similar update on or about May 7, 2023, which likewise showed that the USAA account was back on Plaintiff's credit report but now as a charged off account with a past due amount of $42,506.

38. Equifax too re-inserted the USAA account on Plaintiff's credit report despite removing it months earlier.

39. On May 15, 2023, Plaintiff sent fourth disputes to Experian and Trans Union and a second dispute to Equifax (which, again, had ceased its reporting of the Loan in the interim). Plaintiff again included several documents that showed that he never received the Vehicle and that he was not responsible for repaying that loan.

40. Experian responded to Plaintiff's fourth dispute on or about May 26, 2023. That response showed that the USAA account had been deleted from Plaintiff's report. Experian, however, sent Plaintiff a follow-up response on or about June 12, 2023, which showed that the USAA account was back and in a charge off status with a past due balance of $42,506.

41. Equifax responded to Plaintiff's second dispute on or about June 8, 2023. Equifax stated that, while the USAA account had been previously removed from Plaintiff's report, it was reinserted at USAA's request.

42. On or about June 11, 2023, Trans Union responded similarly, noting that while the USAA account was previously removed from Plaintiff's credit report, Trans Union had verified the reporting as accurate.

43. Upon information and belief, the USAA account remains on Plaintiff's credit reports with each Trans Union, Equifax, and Experian.

44. As a result of Defendants' conduct, Plaintiff suffered actual damages, including credit denials, a decreased credit score, damage to reputation, and emotional distress.

### *Defendants' Willful Conduct*

45. As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that

credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

46. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once USAA provided its responses to Plaintiff's disputes verifying the payment history and account status. The credit reporting agencies did not take any additional steps to verify the accuracy of the information that USAA provided.

47. Instead, Equifax, Experian, and Trans Union blindly accepted USAA's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

48. Equifax, Experian, and Trans Union continue the practice of parroting the response from the furnisher even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

49. Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

50. Instead, Equifax, Experian, and Trans Union intentionally choose not to comply with the FCRA to lower their costs.

**COUNT ONE:**
**(VIOLATION OF 15 U.S.C. § 1681e(b))**
**(EXPERIAN, TRANS UNION & EQUIFAX)**

51. Plaintiff incorporates all other factual allegations set forth in the Complaint.

52. Experian, Trans Union, and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

53. As a result of Experian's, Trans Union's, and Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: inability to obtain credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

54. The violations by Experian, Trans Union, and Equifax were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian, Trans Union, and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Experian, Trans Union, and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT TWO:**
**(VIOLATION OF 15 U.S.C. § 1681i)**
**(EXPERIAN, TRANS UNION & EQUIFAX)**

56. Plaintiff incorporates all other factual allegations set forth in the Complaint.

57. Experian, Trans Union, and Equifax violated multiple sections of § 1681i, including but not limited to their conduct of: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); (3) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation in violation of § 1681i(a)(5)(A).

58. As a result of Experian's, Trans Union's, and Equifax's violations of § 1681i, Plaintiff suffered actual damages, including but not limited to: inability to obtain credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

59. The violations by Experian, Trans Union, and Equifax were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to § 1681n. In the alternative, Experian, Trans Union, and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Experian, Trans Union, and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Equifax, Experian, and Trans Union; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**NATHAN R. SPAN**

By: _/s/ Kristi C. Kelly_
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
Matthew G. Rosendahl, VSB #93738
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
E-mail: kkelly@kellyguzzo.com
E-mail: aguzzo@kellyguzzo.com
E-mail: casey@kellyguzzo.com
E-mail: pat@kellyguzzo.com

9

Email: matt@kellyguzzo.com

*Counsel for Plaintiff*